OPINION.

GRAUPNER: The only evidence offered in this appeal which is at all satisfactory in establishing any of the facts involved is that establishing the March 1, 1913, value of the hotel building. This value we find to be $175,000, and depreciation should be allowed on that basis. As to the rate to be applied in determining the allowable depreciation, the only evidence is that of a contractor who testified, in substance, that the building would have a useful life of from 10 to 20 years from 1917, depending on the repairs made. No evidence was offered to prove either the value of the equipment or its useful life. The depositions of the taxpayer's witnesses contain some general statements to the effect that the erection of new and more modern hotels in Albany has tended to render the taxpayer's hotel obsolete, but as to the extent to which this affects the value of the taxpayer's property we are not informed.

No evidence was offered to establish the value of assets for the purpose of determining invested capital.

We believe it advisable to point out that we are wholly uninformed as to the value attributed by the Commissioner to the taxpayer's property and as to the rates of depreciation used in determining the tax liability. The statement attached to the deficiency letter discloses that the deficiency was based on a revenue agent's report. No effort was made to advise us of the values and rates set forth therein, which were the basis of the Commissioner's determination. It is evident, we believe, that we can not find that the Commissioner erred unless we are first informed as to what he did in committing the error of which the taxpayer complains.

---

## APPEAL OF TWELVE EAST THIRTY-FIRST STREET HOTEL CO.

Docket No. 3645.   Submitted October 13, 1925.   Decided November 18, 1925.

A reasonable allowance for exhaustion, wear and tear of a certain hotel building for the year 1919 found to be an amount computed at 4 per cent upon the cost of the building.

*Edward Thompson, Esq.*, for the taxpayer.
*John W. Fisher, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1919 in the amount of $5,239.75. Only so much of the deficiency is in controversy as arises from the disallowance of part of the deduction taken by the taxpayer in its return for the year 1919 as an allowance for the exhaustion, wear and tear of the building owned by it.

### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office in New York City.

On June 30, 1919, the taxpayer acquired, at a cost of $226,127.80, a certain hotel building situated in New York City. It retained title to the building until May 30, 1920, at which time the building was transferred to the Twelve East Thirty-first Street Realty Co.

The taxpayer, in computing its net income for the year 1919, deducted as an allowance for the exhaustion, wear and tear of the building in question, for the period July 1 to December 31, 1919, an amount computed at the rate of 4 per cent per annum on a valuation of $226,127.80. The Commissioner, upon audit of the taxpayer's return, allowed for the exhaustion, wear and tear of the building an amount computed at the rate of 2 per cent per annum on the valuation claimed and disallowed the remainder of the deduction. Subsequent to the mailing of the deficiency letter herein, the Commissioner, upon consideration of the returns of the taxpayer and the Twelve East Thirty-first Street Realty Co. for the years 1920 and 1921, allowed for each year for the exhaustion, wear and tear of the building in question an amount computed at the rate of 4 per cent per annum on the valuation mentioned.

A reasonable allowance for the exhaustion, wear and tear of the taxpayer's building during the period July 1 to December 31, 1919, is an amount computed at the rate of 4 per cent per annum on a valuation of $226,127.80.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, in accordance with Rule 50.

---

### APPEAL OF H. FENDRICH, INC.

Docket No. 4254. Submitted September 22, 1925. Decided November 18, 1925.

> Taxpayer paid the sum of $5,000 for the use of certain machines under a lease contract. *Held*, that such amount may not be deducted as an ordinary and necessary expense but must be exhausted pro rata over the life of the contract.

*Conrad Wolf, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes for the nine months' period ended December 31,